THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. MICHAEL BOVER, TRADING AS BOVER SERVICE, DEFENDANT-APPELLANT.

THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. R. L. COLBURN, TRADING AS DICK'S TEXACO SERVICE, DEFENDANT-APPELLANT.

Bergen County Court
Law Division

Decided April 14, 1960.

*Mr. George Winne,* attorney for plaintiff-respondent.

*Messrs. Burke, Sheridan & Hourigan (Mr. Robert L. Garibaldi,* appearing), attorneys for defendants-appellants.

SCHNEIDER, J. C. C. The two cases above were consolidated for purposes of trial by reason of the fact that they present the same issue. This is an appeal from the Municipal Court of the Borough of Glen Rock, New Jersey, on a conviction under a borough ordinance for parking vehicles on private gas station property after closing hours. There is no denial by the defendants that the vehicles were so parked. In each case one or more of the vehicles belonged to the defendants themselves and one vehicle belonged to another person. One of the defendants lived in an apartment upstairs from the gas station. The challenge is to the constitutionality of the ordinance by reason of its being arbitrary, unreasonable and discriminatory.

The Borough of Glen Rock adopted an Ordinance No. 376 in the year 1937 regulating filling stations, commonly known as "gas" stations, which ordinance provided for licensing and regulation. It has been stipulated that the zoning ordinance was adopted in 1953 and that ordinance prohibited filling stations within certain areas. The defendants and all other filling stations in the borough were in existence prior to 1953 and are all nonconforming, and all the operators of the filling stations and their predecessors in title parked their vehicles on the grounds prior to the adoption of this ordinance. In 1959 an Ordinance No. 613 was adopted

which amended the previous Filling Station Ordinance and section 2 of that ordinance provided as follows:

"No person owning or operating a filling station as herein defined, shall permit or cause to be parked, stored or maintained on any premises licensed in accordance with the terms of this ordinance any motor vehicle, trailer or van, whether licensed or unlicensed nor any other motor chassis, any self-propelled equipment or vehicles or any part or parts of the foregoing at any time other than during normal working hours when the filling station is being operated and the facilities thereof are available to the public, unless the same be housed entirely within an enclosed structure. Notwithstanding the foregoing, passenger vehicles present on the premises for purposes of service shall be permitted to be parked or stored for an interval not to exceed 48 hours."

The attorney for the municipality contends that under a decision written by this court, *Mason v. Mayor and Council of Borough of Hillsdale*, 53 *N. J. Super.* 500 (*Law Div.* 1959), this type of case does not come under the zoning ordinance and the question of nonconforming use does not apply. With this, the court agrees, as so stated in the previous decision. The legality of this ordinance depends not upon the zoning ordinance, nor may defendants seek to be excused from the ordinance by reason of rights as nonconforming users. The Filling Station Ordinance is a licensing and regulating ordinance under the general police powers and we must examine this ordinance and the facts in this case to determine whether the regulation in question is necessary for the health and welfare of the people.

The municipality contends that filling stations are in a class by themselves, and as Justice Heher says:

"Gasoline is a highly inflammable and explosive substance; and because of the potential hazards to health and safety, the mode and manner of its use are subject to reasonable regulation under this branch of the police power." *Reingold v. Harper*, 6 *N. J.* 182, 191 (1951).

The defendants' counsel points out that this regulation is peculiar to filling stations and has no relationship to the question of gasoline and that the baker and the butcher

may leave their vehicles on their property, and that any other commercial business may do so without housing the vehicles in a building. He contends that the obvious purpose of this ordinance is to curtail the use of private property, and that since they are nonconforming users the municipality knows that they cannot extend their building, and provide space for the housing of their own private cars and other cars necessary to their business. He also contends that there is an inconsistency in that the proprietor of the gas station may leave someone else's car on the premises for 48 hours, but his own automobile or truck cannot stay after closing hours. He contends that this puts him in a position whereby he must go across the street to the butcher, baker or candlestick maker to make a contract to store his vehicle on their property in order to comply with this ordinance.

With this contention, the court agrees. The court finds no relationship of the parking of the vehicle to the inflammability of the gasoline and it has been amply demonstrated that there is discrimination as to this particular property in comparison to the other properties in the community.

Much has been written about aesthetic consideration and this court has been particularly liberal in that respect. It might very well be that aesthetic consideration can come into existence, but there would have to be definite standards applicable to the entire community, such as limiting the number of vehicles that might remain outside.

In the case of *Hart v. Teaneck Township,* 135 *N. J. L.* 174 (*E. & A.* 1946), an ordinance was passed providing for closing hours for lunch wagons between the hours of 1 A. M. and 7 A. M. Restaurants were not included. The court held that this was discriminatory and unenforceable.

For the reason set forth above, the court finds that the regulation is arbitrary and discriminatory and is unenforceable. The conviction will be set aside and a proper order may be submitted.